IN THE CIRCUIT COURT OF CRAWFORD COUNTY, ARKANSAS

ADAM PIAQUADIO                                                     PLAINTIFF

v.                           NO: CV-2010- 251 II

AMERICAN LEGAL FUNDING LLC, ALFUND AZ1 LLC,
M.B.T. ASSOCIATES INC., THE LAW FUNDER LLC,
GLOBAL FINANCIAL CREDIT LLC                                        DEFENDANTS

## COMPLAINT

Comes now the Plaintiff, Adam Piaquadio, by and through his undersigned counsel, and for his Complaint against the Defendants, states and alleges as follows:

1. Adam Piaquadio was at all times relevant to this case, a citizen of Alma, Crawford County, Arkansas.

2. American Legal Funding LLC (ALF) is an Arizona limited liability company doing business in the state of Arkansas. Jeffrey Huff is registered with the Arizona Secretary of State as ALF's statutory agent at 8912 East Pinnacle Road #451, Scottsdale, AZ 85255.

3. ALFund AZ1 LLC (AZ1) is an Arizona limited liability company doing business in the state of Arkansas. Jeffrey Huff is registered with the Arizona Secretary of State as AZ1's statutory agent at 8912 East Pinnacle Road #451, Scottsdale, AZ 85255.

4. M.B.T. Financial Inc. (MBT) is a New York corporation doing business in the state of Arkansas. George Kleinman is CEO of MBT per the New York Secretary of State, and his registered address is C/O Moses and Schreiber LLP, 3000 Marcus Ave. STE 1W5, Lake Success, NY 11042.



5. The Law Funder LLC (Funder) is a Delaware limited liability company doing business in the state of Arkansas. The Registered Office Service Company is registered with the Delaware Secretary of State as Funder's registered agent at 203 NE Front Street, Suite 101, Milford, DE 19963.

6. Global Financial Credit LLC (Global) is a Delaware limited liability company doing business in the state of Arkansas. The Company Corporation is registered with the Delaware Secretary of State as Global's registered agent at 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

7. This is an action to rescind various contracts between the Plaintiff and the Defendants based upon the plaintiff's lack of capacity to contract, and the unconscionability of the result. Upon rescission restitution is due to the Plaintiff for principle and interest paid to the Defendants.

8. This is concurrently an action based upon the Arkansas Deceptive Trade Practices Act, codified at ARK. CODE ANN. § 4-88-101 et seq., specifically in violation of ARK. CODE ANN. § 4-88-107 (a)(8)(A).

9. This Court has jurisdiction over the parties and the subject matter of this action and venue is proper pursuant to ARK. CODE ANN. § 16-55-213(a)(1).

10. On December 22, 2004 the Plaintiff was involved in a head on collision with a combined approach speed of over one hundred miles per hour. As a result of the accident the Plaintiff was severely injured. During the lengthy litigation that followed the Plaintiff received various monies from the Defendants which, though characterized by the defendants as investments, were actually usurious loans.

11. The loans from the Defendants to the Plaintiff were made over a period of time during which the Plaintiff was a patient at a rehabilitation hospital being treated for, *inter alia*, a closed head injury.

12. The Plaintiff's injuries rendered him legally incompetent to contract.

13. All of the Defendants, as part of their loan process, required access to the medical records of the Plaintiff, and were aware that he was being treated for injuries that would likely, and in this case in fact did, render him incompetent to contract.

14. The Plaintiff's ex-wife sought out, negotiated, and signed for at least four of these loans without the knowledge of the defendant; apparently with a power of attorney that the Plaintiff does not remember signing or discussing.

15. The result of the contracts, that the Plaintiff paid the equivalent of as much as 73.71% interest and in all cases more than 35.88% interest, is unconscionable, and that the court should strike them down as against public policy.

16. The Plaintiff's injuries rendered him reasonably unable to protect his interests due to physical infirmity in a manner that fits within the statutory language of ARK. CODE ANN. § 4-88-107 (a)(8)(A).

17. The conduct of the Defendants was the proximate cause of the Plaintiff being taken advantage of by the Defendants via usurious loans.

18. The Defendants actions fit within the statutory language of ARK. CODE ANN. § 4-88-107(a)(10), and are generally unconscionable, false, and deceptive.

19. The Plaintiff injuries rendered him disabled per ARK. CODE ANN. § 4-88-201.

20. The Plaintiff's injuries rendered him disabled in a manner that fits within the statutory language of ARK. CODE ANN. § 4-88-204, and as such, he should be able to recover actual damages, punitive damages, and reasonable attorney's fees.

21. The Defendant's actions are in violation of the interests of Arkansas and its citizens and fit within the statutory language of ARK. CODE ANN. § 4-88-202, and as such they should pay an additional penalty of $10,000 per loan to be deposited with the Treasurer of State and placed into the Elder and Disabled Victims Fund.

22. Arkansas has an interest is protecting its citizens from abusive lending practices aimed at a vulnerable population.

23. The Arkansas Supreme Court has held that tort claims are not assignable in *Mallory v. Hartsfield*, 350 Ark. 304 , 86 S.W.3d 863 (2002), and *Southern Farm Bureau v. Wright Oil Co.*, 248 Ark. 803, 454 S.W.2d 69 (1970).

24. ALF and AZ1, operating through AZ1, made loans to the Plaintiff totaling at least $57,000 for which repayment made less than two years later via a lien on the Plaintiff's settlement was, on $57,000, more than $219,120.

25. ALF and AZ1, operating through AZ1, made a loan on May 19, 2005 in the amount of $35,000 with a potential payoff if made a little over two-and-a-half years later of $209,300. This is equivalent to slightly more than 104.9% interest if the interest is compounded yearly, 73.71% interest if the interest is compounded monthly, and 71.6% if compounded daily. At the time of the loan the maximum allowable interest rate under ARK. CONST. ART.XIX, § 13(a) was 8.5%.

26. ALF and AZ1, operating through AZ1, made a loan on September 14, 2005 in the amount of $5,000 on the authority of Kendra Piaquadio, the Plaintiff's ex-wife, apparently with the previously mentioned unknown power of attorney, with a potential payoff if made a little over

two-and-a-half years later of $29,900. This is equivalent to slightly more than 104.9% interest if the interest is compounded yearly, 73.71% interest if the interest is compounded monthly, and 70.38% if compounded daily. At the time of the loan the maximum allowable interest rate under ARK. CONST. ART.XIX, § 13(a) was 9.5%.

27. ALF and AZ1, operating through AZ1, made a loan on November 4, 2005 in the amount of $5,000 on the authority of Kendra Piaquadio, the Plaintiff's ex-wife, apparently with the previously mentioned unknown power of attorney, with a potential payoff if made a little over two-and-a-half years later of $29,900. This is equivalent to slightly more than 104.9% interest if the interest is compounded yearly, 73.71% interest if the interest is compounded monthly, and 70.38% if compounded daily. At the time of the loan the maximum allowable interest rate under ARK. CONST. ART.XIX, § 13(a) was 10%.

28. ALF and AZ1, operating through AZ1, made a loan on December 15, 2005 in the amount of $7,000 on the authority of Kendra Piaquadio, the Plaintiff's ex-wife, apparently with the previously mentioned unknown power of attorney, with a potential payoff if made a little over two-and-a-half years later of $41,860. This is equivalent to slightly more than 104.9% interest if the interest is compounded yearly, 73.71% interest if the interest is compounded monthly, and 70.38% if compounded daily. At the time of the loan the maximum allowable interest rate under ARK. CONST. ART.XIX, § 13(a) was 10.25%.

29. ALF and AZ1, operating through AZ1, made a loan on July 7, 2006 in the amount of $3,000 on the authority of Kendra Piaquadio, the Plaintiff's ex-wife, apparently with the previously mentioned unknown power of attorney, with a potential payoff if made a little over two-and-a-half years later of $17,940. This is equivalent to slightly more than 104.9% interest if the interest is compounded yearly, 73.71% interest if the interest is compounded monthly, and 70.38% if

compounded daily. At the time of the loan the maximum allowable interest rate under ARK. CONST. ART.XIX, § 13(a) was 11.25%.

30. ALF and AZ1, operating through AZ1, made a loan on November 11, 2006 in the amount of $2,000 on the authority of Kendra Piaquadio, the Plaintiff's ex-wife, apparently with the previously mentioned unknown power of attorney, with a potential payoff if made a little over two-and-a-half years later of $11,960. This is equivalent to slightly more than 104.9% interest if the interest is compounded yearly, 73.71% interest if the interest is compounded monthly, and 70.38% if compounded daily. At the time of the loan the maximum allowable interest rate under ARK. CONST. ART.XIX, § 13(a) was 11.25%.

31. MBT made at least one loan to the Plaintiff on March 16, 2005 for $11,750 for which the Plaintiff made a payment of unknown amount, but potentially as high as $48,180.07 if repaid 36 months later. This is equivalent to slightly more than 60% interest if the interest is compounded yearly, 47.97% interest if the interest is compounded monthly, and 47% if compounded daily. At the time of the loan the maximum allowable interest rate under ARK. CONST. ART.XIX, § 13(a) was 8.5%.

32. Funder made at least one loan to the Plaintiff on April 29, 2005 for $12,466.05 for which the Plaintiff made a payment of unknown amount, but potentially as high as $31,880.62 if repaid 24 months later. This is equivalent to slightly more than 59.91% interest if the interest is compounded yearly, 47.87% interest if the interest is compounded monthly, and 46.97% if compounded daily. At the time of the loan the maximum allowable interest rate under ARK. CONST. ART.XIX, § 13(a) was 8.75%.

33. Global made a loan on March 15, 2005 in the amount of $5,750 for which the Plaintiff made a payoff of unknown amount at an interest rate of 2.99% per month to be

compounded daily. This is the equivalent of an interest rate of slightly more than 36% interest if the interest is compounded yearly, or a 35.88% interest rate if the interest is calculated monthly. At the time of these loans the maximum allowable interest rate under ARK. CONST. ART.XIX, § 13(a) was 8.5%.

34. Global made a loan on December 6, 2005 in the amount of $6,000 for which the Plaintiff made a payoff of unknown amount at an interest rate of 2.99% per month to be compounded daily. This is the equivalent of an interest rate of slightly more than 36% interest if the interest is compounded yearly, or a 35.88% interest rate if the interest is calculated monthly. At the time of this loan the maximum allowable interest rate under ARK. CONST. ART.XIX, § 13(a) was 10%.

35. That the maximum interest rate allowable under ARK. CONST. ART.XIX, § 13(a) at the times these loans were made was between 8.5% and 11.25%.

36. The Plaintiff may have borrowed additional funds from the Defendants, but due to his disadvantaged state after the accident, and the fact that his ex-wife signed for at least four of the loans, he has incomplete records of all the loans made by the Defendants.

37. That the discovery process will, in the interests of justice for the Plaintiff and future disadvantaged citizens of Arkansas, enable the Plaintiff to more fully enumerate the usurious and predatory business practices of the Defendants.

38. That the damages are in excess of that required for diversity of citizenship cases per 28 U.S.C. § 1332(a).

WHEREFORE, Plaintiff prays that the Defendants be ordered to appear and answer the Complaint herein; that upon final trial of this action to a jury that Plaintiff be granted against Defendants for his damages, for an amount in excess of that required for federal diversity

jurisdiction for compensation for restitution, usurious lending, and punitive damages; that Plaintiffs recover costs of suit herein expended and interest at the legal rate on all of the above and that Plaintiffs be awarded such other and further relief, both at law and at equity, to which this Court, in its discretion, may find them to be justly entitled.

PLAINTIFF DEMANDS A TRIAL BY JURY.

Respectfully submitted,

MATTHEW L. LINDSAY, Bar #04028
Odom Law Firm, P.A.
1 East Mountain
P.O. Drawer 1868
Fayetteville, Arkansas 72701
(479) 442-7575
(479) 442-9008 (fax)
Mlindsay@odomfirm.com

ATTORNEY FOR THE PLAINTIFF,
ADAM PIAQUADIO