```
            IN THE UNITED STATES DISTRICT COURT
               WESTERN DISTRICT OF ARKANSAS
                    FORT SMITH DIVISION
```

ADAM PIAQUADIO                                          PLAINTIFF

v.                              Case No: 10-2066

AMERICAN LEGAL FUNDING, LLC
ALFUND AZ1, LLC, M.B.T. ASSOCIATES,
INC., THE LAW FUNDER, LLC AND
GLOBAL FINANCIAL CREDIT, LLC.                          DEFENDANTS

## ORDER

On April 16, 2010, Plaintiff, Adam Piaquadio, filed a Complaint (doc. 2) against Defendants in the Circuit Court of Crawford County. Defendants The Law Funder ("Funder") and Global Financial Credit ("Global") filed a Notice of Removal (doc. 1) from the Circuit Court of Crawford County, Arkansas to this Court on May 14, 2010.

Currently before the Court are Separate Defendant American Legal Funding LLC ("ALF") and ALFund AZ1, LLC's Motion to Set Aside Default Judgment (Doc. 27) and supporting documents (docs. 28-30), and Plaintiff's Response and supporting documents (docs. 31-32). The Court invited the parties to present additional evidence either by pleadings or a hearing, and all parties declined the opportunity. For the reasons discussed below, Separate Defendants' Motion (Doc. 27) is **DENIED**.

### I. BACKGROUND

On December 22, 2004, Plaintiff was severely injured in a

vehicular collision. During the lengthy litigation that followed, Plaintiff alleged he received funds from Defendants characterized as investments that were actually usurious loans. According to Plaintiff, the loans were made while he suffered from a head injury.

Plaintiff alleged these loans violated the Arkansas Deceptive Trade Practices Act and sought recission of the contracts based upon his lack of capacity to contract at the time as well as the usurious nature of the loans.

Plaintiff filed a motion to remand contending removal was defective due to lack of unanimity among the Defendants.  On October 29, 2010, the Court denied Plaintiff's Motion finding Separate Defendants AZ1 and ALF were not required to consent because service was not perfected at the time of removal (doc. 14).  The Court further found service was perfected on AZ1 and ALF on June 18, 2010, as evidenced by the affidavit of service filed by Plaintiff on August 4, 2010 (doc. 9) and attached exhibits, including but not limited to, the certified receipt reflecting refusal of service of AZ1 and ALF on April 30, 2010; the Affidavit Sheet from the Maricopa County Sheriff's Office showing attempted service of AZ1 and ALF at 8912 East Pinnacle Road #451, Scottsdale, Arizona 82555 (the "Pinnacle address"), on May 20, 2010; and the certified receipt reflecting service by the Arizona Corporation Commission pursuant to statute on June

18, 2010.

The U.S. District Clerk entered a default against both defendants on September 3, 2010, for their failure to plead or otherwise defend (doc. 13). Plaintiff filed a motion for default judgment as to AZ1 and ALF (docs 17-18), and on May 17, 2011, the U.S. District Clerk mailed a notice of hearing to AZ1 and ALF to two different addresses, including the Pinnacle address, scheduling a hearing for June 30, 2011 and advising Separate Defendants damages would be determined and awarded to Plaintiff (doc. 19).

On June 30, 2011, Plaintiff appeared with his attorney. Separate Defendants failed to appear or otherwise communicate with the Court. After receiving evidence from Plaintiff, the Court granted Plaintiff's Motion and entered a default judgment against ALF and AZ1 in the amount of $452,940.00 (doc. 22). On August 29, 2011, ALF and AZ1 filed a motion to set aside the default judgment.

**II. DISCUSSION**

Separate Defendants move pursuant to Rule 60(b) of the Federal Rules of Civil Procedure to set aside the default judgment against them on the grounds of surprise, misrepresentation, lack of personal jurisdiction and/or manifest unfairness or unjustness. The rule provides for extraordinary relief which may be granted only upon an adequate showing of

AO72A
(Rev. 8/82)

exceptional circumstances. *Jones v. Swanson*, 512 F.3d 1045, 1048 (8th Cir. 2008)(citation omitted).

Separate Defendants contend there was no mistake, inadvertence or neglect that may be attributed to them and to permit the default judgment to stand would be manifestly unjust and unfair as they were never served with process. Yet, according to Separate Defendants they have received mail at the Pinnacle address since 2003, and ALF's President regularly checks the mail where Plaintiff's counsel, the Arizona Corporation Commission (mailed on June 18, 2010) and this Court all sent mail at different times throughout this litigation. *See* (doc. 9-5, p. 2 & 4). The Court previously found service on Defendants AZ1 and ALF was perfected on June 18, 2010. Additionally, Plaintiff complied with the Arizona statute by serving Separate Defendants through the Arizona Corporation Commission.

According to Mr. Huff he eventually received the service of process from the Arizona Corporation Commission but makes no mention of the notice of hearing from the Court. The fact that the summons and complaint were mailed to the correct address and not returned creates a presumption that they reached their destination and were received by the person to whom they were addressed. *See Arkansas Motor Coaches v. Commissioner*, 198 F.2d 189, 191 (8th Cir. 1952). Separate Defendants' blame of UPS

AO72A
(Rev. 8/82)

employees for withholding certain mail from their mailbox but not others without an affidavit from these employees and after an opportunity to present these witnesses is not enough to overcome this presumption.

Separate Defendants contend the judgment should be set aside as void pursuant to 60(b)(4).  In this regard, Separate Defendants contend the Court lacks personal jurisdiction over them as they never received actual notice of the lawsuit or default judgment hearing.  For the reasons previously stated, the Court finds this argument without merit.

### III. CONCLUSION

For the reasons stated above, the Court concludes that Separate Defendants' Motion (doc. 27) should be and hereby is **DENIED.**

IT IS SO ORDERED this 27th day of March 2012.

>                   */s/ Robert T. Dawson*
>                   Honorable Robert T. Dawson
>                   United States District Judge